# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# ASHLAND

**Civil Action No. 04-143-HRW**

**MICHAEL L. CORDLE,**                                                      **PLAINTIFF,**

**v.**                              **MEMORANDUM OPINION AND ORDER**

**LOWE's HOME CENTERS, INC.,**                              **DEFENDANT.**

This matter is before the Court on the Defendant's Motion for Summary Judgment [Record No. 21]. The Plaintiff never responded to this motion. The time for responding having passed, this matter now stands ripe for decision

If for no other reason, it would be entirely proper to grant the Defendant's dispositive motion based on Plaintiff's failure to respond thereto as required by Rule 7.1©)(1) of the Joint Local Rules of the Eastern and Western Districts of Kentucky[1]. The Court has reviewed the Defendant's motion and the record, nevertheless. Based on the current state of the record, it appears that the Defendant's motion should be sustained on its merits as well.

This case arises from Plaintiff's purchase of a refrigerator from the Defendant's store in Paintsville, Kentucky in September of 2003. In his

---

[1] Local Rule 7(c)(1) specifically states that "[f]ailure to file an opposing memorandum may be grounds for granting [a] motion."

1

Complaint, Plaintiff alleges that he was "severely injured by an electrical malfunction in the refrigerator" and that his injuries were the direct and proximate result of the negligence of the Defendant.  Plaintiff alleges that the "electrical malfunction" was caused by a defect in the subject refrigerator which, although unknown to Plaintiff, was known, or should have been known, by the Defendant.

In support of its motion for summary judgment, Defendant cites to the deposition of the Plaintiff during which he testified that following purchase of the refrigerator, he brought it to his residence,  plugged it in and filled it with food.  He further testified that the refrigerator worked fine.  Plaintiff then testified that the following day, he proceeded to attempt to hook up the water line for the ice maker. He moved the refrigerator in and out of the space where it was plugged into an electrical outlet.   He received no shock at this time.  He then drilled a hole in the floor and dropped the copper piping through it, before crawling underneath his trailer to hook the copper piping to the water line.  It was then, when he took hold of the tubing and touched the ground, that he received a shock.  (Deposition of Michael Cordle, Pgs. 29-34, 42).

When questioned regarding the source of the electrical current, Plaintiff answered, "[w]ell, the water line came off the bottom of the refrigerator.  I had a hold of the water line, so where else could it come from."  (Deposition of Michael

2

Cordle, Pg. 31).

Notably, although Plaintiff indicated that he had unplugged the refrigerator,

he then testified:

> Well, it was plugged up at the time that happened, so I
> don't know if my wife plugged it back up.  I guess I
> plugged it back up.  When I put the water line in there
> and shoved back against the wall, I probably plugged it
> back up, I guess, or she did, one.

(Deposition of Plaintiff, Pg. 31)

Finally, Plaintiff testified that he still owns the refrigerator, that the water

line and ice maker have been hooked up and that no one has received any shocks.

(Deposition of Plaintiff Pg. 58 and 62).

In addition to the deposition of the Plaintiff, Defendant attached the

Affidavit of Simon Smith to its dispositive motion.  Mr. Smith is a member of the

Blaine Volunteer Fire Department and responded to a call from Plaintiff's

residence on the day of the incident.  In his Affidavit, Mr. Smith states that upon

arriving at the Plaintiff's residence, he found the refrigerator to be " 'hot' " in that

it had current "all over it" and "could not be touched."

When considering a motion for summary judgment , Rule 56 of the Federal

Rules of Civil Procedure dictates that the Court consider the evidence, resolve all

doubts and construe all inferences in  favor of the nonmoving party, in this case,

the Plaintiff, in an effort to determine whether any genuine issues of material fact exist. However, in a series of decisions commonly referred to as the "trilogy", *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986), the United States Supreme Court emphasized that "[t]he mere existence of a scintilla of evidence in support of [a nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for" that party. *Anderson,* 477 U.S. at 252. In short, the "trilogy" requires the nonmoving party to produce specific factual evidence that a genuine issue of material fact exists.

Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to the parties case and on which that party will bear the burden of proof at trial. In such a situation there can be no "genuine issue as to any material fact" as a complete failure of proof concerning an essential element of the non-moving parties case "renders all other facts immaterial." *Bauer v. Montgomery*, 215 F.3d 656 (6th Cir. 2000), *citing Celotex*, *supra.*

In order to properly state a claim for negligence against the Defendant, Plaintiff must establish that Lowe's owed a duty to him, that Lowe's breached that

duty and that the breach proximately caused Plaintiff to be injured.  *See, Heinrich v. Kroger Co.,* 2 Fed. Appx. 413 (6th Cir. 2001).

Based upon the record before the Court, Plaintiff has failed to produce any evidence of negligence on the part of Lowe's.  As Defendant points out, there is no proof that the cause of the "electrical malfunction" and resultant shock was anything other than Plaintiff's own failure to insure that the refrigerator was unplugged prior to hooking the copper tubing to it.

Further, there is nothing in the record which establishes the existence of a defect in the refrigerator.   Plaintiff has not identified any expert witnesses in this regard.  The only other so-called proof offered by Plaintiff is the affidavit of Simon Smith which states that the refrigerator was "hot" on the day of the accident, but does not establish what, if anything, was wrong with it.

Even assuming the existence of a product defect, Plaintiff has presented  no evidence as to whether the defect was the result of faulty manufacturing or faulty repair.  Nor is there anything in the record to suggest that Defendant caused, knew of or should have known of such defect.

To the contrary, Plaintiff's "evidence" consists solely of his allegations which are supported only by speculation.  This not the type of evidence needed to create a genuine issue on the fact of negligence.  *See, Payne v. B-Line Cab Co.,*

282 S.W.2d 342 (Ky. 1955).   Even in viewing all the facts in the light most favorable to the Plaintiff, it is clear, based upon the record before the Court, that the Plaintiff has no evidence to support his claim of negligence.  As such, the Court finds that the  Defendant is entitled to judgment as a matter of law.

Accordingly, **IT IS HEREBY ORDERED AND ADJUDGED** that the Defendant's Motion for Summary Judgment be **SUSTAINED**.

This November 15, 2005.

Signed By:

_Henry R Wilhoit Jr._

**United States District Judge**

6